UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 3:20-cr-117-3

vs.

DEVON LOVE,                                    District Judge Michael J. Newman

    Defendant.

**ORDER DENYING DEFENDANT DEVON LOVE'S *PRO SE*
MOTION TO DISMISS (Doc. No. 101)**

The indictment in this criminal case charges five Defendants -- including Defendant Devon Love (hereafter, "Love") -- with kidnapping resulting in the death of Kwasi Casey in violation of 18 U.S.C. § 1201(c). Doc. No. 21. The case is before the Court on Love's *pro se* motion to dismiss.[1] Doc. No. 101. Love contends that dismissal of the charge against him is warranted because he has been denied his right to a speedy trial in violation of both the Speedy Trial Act and the Sixth Amendment to the U.S. Constitution. *Id*. at PageID 575.

**I.**

Love contends that he has endured an "uncommonly long delay before trial," *id*., because sixteen months have passed since his arrest and detention on September 18, 2020.[2] He argues that his first and second court-appointed counsel failed to advance his case to trial and, thus, did not

---

[1] Although the Court has twice appointed CJA counsel to represent Love, the instant motion was filed *pro se*. Doc. Nos. 6, 24, 101.

[2] Love reports he was arrested on September 18, 2020 (Doc. No. 101, PageID575), but the record establishes he was arrested on September 17, 2020. Doc. No. 17. Using September 17, 2020 as date of his arrest benefits him for speedy trial purposes by adding one day to the time he has awaited trial.

honor his desire for a speedy trial. *Id*. at 575-76. He also asserts that the Court and the Government's counsel have been inattentive to this case, and he accuses the Government's counsel of delaying this case to "bludgeon a guilty plea from [him] …." *Id*. at 577. Construing Love's *pro se* motion liberally in his favor, *see United States v. Houston*, 792 F.3d 663, 667 (6th Cir. 2015), he aims at three provisions in the Speedy Trial Act -- the timely indictment provision, the speedy trial provision, and the detention provision. 18 U.S.C. §§ 3161(b), (c), 1364.

### A. Timely Indictment

The Speedy Trial Act's timely indictment provision requires the Government to obtain an information or indictment "within 30 days from the date on which [the defendant] was arrested …." 18 U.S.C. § 3161(b). In the present case, Love was arrested on September 17, 2020, and indicted 28 days later on October 15, 2020. Doc. No. 21. Consequently, his arrest and indictment occurred within a 30-day period and did not violate the Speedy Trial Act's timely indictment provision. 18 U.S.C. § 3161(b); *United States v. Satterwhite*, 893 F.3d 352, 355 (6th Cir. 2018) (The Speedy Trial Act … requires that a defendant be indicted within thirty days of arrest ….").

### B. Speedy Trial

The Speedy Trial Act's speedy trial provision generally requires a defendant's trial to "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

In the present case, Love's initial appearance on a complaint (charging him with kidnapping) occurred on September 18, 2020. *See* Minute Entry, Sep. 18, 2020. The indictment (charging him with kidnapping resulting in death) was publicly filed on October 15, 2020. Doc. No. 21. He was arraigned on November 9, 2020. Doc. No. 30. But, as will be explained next,

none of these dates started the speedy trial clock because a later triggering event occurred in this multidefendant case.

"Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States. v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002) (citation omitted); *see United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009). The speedy trial clock generally begins to run for non-severed codefendants on the day the last defendant was indicted or arraigned, which ever occurred later. *See Coviello v. United States*, 287 F. App'x 503, 506-07 (6th Cir. 2008) ("Here, the latest co-defendant … was arraigned on March 23, 2005. Therefore, this date triggers the running of the speedy trial clock with respect to all co-defendants joined for trial, including Defendant"); *Ward v. United States*, No. 1:07-cr-73-01, 2012 WL 137873, at *6 (S.D. Ohio Jan. 18, 2012) ("[T]he Speedy Trial clock starts when the last defendant makes his first appearance before a judicial officer").

In the instant case, Defendant Markale Thomas had the last arraignment due to his detainment in West Virginia awaiting a state criminal trial. His state case concluded by late May 2021, and the U.S. Marshal's Service transported him back to the Southern District of Ohio. Defendant Thomas' arraignment occurred upon his arrival on June 18, 2021. Doc. No. 63. Consequently, the single speedy trial clock began to run for all Defendants -- including Love -- on June 18, 2021. *See Coviello*, 287 F. App'x at 506-07; *Ward*, 2012 WL 137873, at *6.

By this time, however, the Court had granted the Government's counsel's oral motion to declare this an "unusual and complex" case under 18 U.S.C. § 3161(h)(7)(B)(ii) and set forth specific reasons for doing so in an Order docketed on January 11, 2021. Doc. No. 42 at PageID 424. Thus, although the speedy trial clock began to run for Love and his codefendants on June 18, 2021, no speedy trial time actually accumulated. Indeed, all time starting on June 18, 2021 is

excluded from the speedy trial calculation due to the Court's assessment of this case as unusual and complex, and the resulting ends of justice continuance. 18 U.S.C. § 3161(h)(7)(A)-(B); *see* Doc. No. 42. at PageID 423-24. This ongoing exclusion applies to all Defendants, including Love, because "[t]he excludable delay of one co-defendant may be ascribed to all defendants." *United States v. Culpepper,* 898 F.2d 65, 67 (6th Cir. 1990) (citations omitted). In addition, since June 18, 2021, the Court has frequently met with counsel and, on three additional occasions, found the ends of justice warranted the ongoing continuance of this case.[3] Doc. Nos. 49, 54, 58. Because no time has accumulated under the Speedy Trial Act, Love has suffered no violation of his rights under the Speedy Trial Act.

    **C.**    **Detention Provision**

Love argues that his sixteenth-month detention while awaiting trial violates 18 U.S.C. §§ 3164. Doc. No. 101, PageID 575.

This provision of the Speedy Trial Act applies to a defendant who is detained for the sole reason he or she is awaiting trial. 18 U.S.C. § 3164(a). Trial of such a detained defendant "shall be accorded priority." *Id*. Consequently, the trial of this defendant "shall commence not later than ninety days following the beginning of such continuous detention." 18 U.S.C. § 3164(b).

"The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specific in [§ 3164(b)]." *Id.*; *see United States v. Roush*, No. 21-3820, 2021 WL 6689969, at *1 (6th Cir. Dec. 7, 2021). A defendant not tried within ninety days following the beginning of his or her continuous detention and who is not at fault for the continuous detention is eligible for "automatic review by the court of the conditions of release." 18 U.S.C. § 3164(c); *see*

---

[3] Other events would support excluding some of time that passed after the speedy trial clock began to run on June 18, 2021, perhaps most significantly the many motions to appoint new counsel filed by Defendants Love, Dye, Thomas, and Reese. Doc. Nos. 50, 61, 87, 91; *see* 18 U.S.C. §§ 3161(h)(1)(D), (H).

*United States v. Davidson*, No. 3:08-CR-169, 2009 WL 1346065, at *2 (E.D. Tenn. May 12, 2009) ("The court must undertake an 'automatic review' of the defendant's detention if the trial has not begun within the ninety-day period and the defendant is not at fault").

The Court assumes, in Love's favor, that the sole reason he has been detained since his arrest is that he is awaiting trial in this case. However, due to the time exclusions and reasons explained above, *supra*, § I(B), no violation of § 3164 has occurred. Consequently, Love is not entitled to automatic review of his conditions of release under § 3164. *Cf. Roush*, 2021 WL 6689969, at *2 ("Roush has not been detained for 90 days of non-excludable time. Accordingly, there is no basis upon which he should be released").

## II.

Love lastly asserts a violation of his right to a speedy trial under the Sixth Amendment due to the approximately sixteen months between his arrest and his presently pending motion to dismiss. Doc. No. 101.

The Sixth Amendment provides in part, "In all criminal proceedings, the accused shall enjoy the right to a speedy … trial." U.S. Const. art. VI. Four factors apply to determining whether a defendant's Sixth Amendment right to a speedy trial has been infringed: "'(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.'" *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017) (citing *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972)). These factors are considered together with other relevant circumstances. *Id*. No single factor is dispositive. *Id*.

### A. Factor 1

A presumption of prejudice exists as to Love due to the approximately sixteen months between his arrest (on September 17, 2020) and the date he filed his motion to dismiss (January

5

11, 2022). Doc. Nos. 7, 101; *see United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (Under the Sixth Amendment, "[t]he length of delay is measured from the earlier of the date of indictment or arrest to the defendant's trial"). Indeed, even a "one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *Id.* at 559 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

**B.  Factor 2**

The reason for the initial sixteen-month delay was Thomas' absence from the Southern District of Ohio and his presence in West Virginia, where he awaited the conclusion of his state criminal proceedings. He was transported back to the Southern District of Ohio and arraigned in the present case on June 18, 2021. *See* Minute Entry, June 21, 2021. Neither Love nor the Government was responsible for this delay. *See Bass*, 460 F.3d at 837 ("Delay 'due to the obvious need to allow the defendant to be prosecuted by the State without interference by the federal government' is not the fault of the government" (quoting *United States v. Schreane,* 331 F.3d 548, 554 (6th Cir.2003))); *see also Sutton*, 862 F.3d at 560 ("[T]he second *Barker* factor directs the court to ask 'whether the government or the criminal defendant is more to blame for [the] delay'" (quoting *Dogett*, 505 U.S. at 651).

The approximately seven-month delay after June 18, 2021 -- until the filing of Love's presently pending motion to dismiss -- is attributable to the unusual and complex nature of this multidefendant case; the serious nature of the charge, kidnapping resulting in death; and the voluminous discovery produced and at issue. Neither the Government nor Love is to blame for this. *United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007) ("Delays due to the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred" (citing *Bass,* 460 F.3d at 836)).

Additionally, filing by some Defendants, including Love, of multiple motions for appointment of counsel, motions for release on bond, and other pretrial motions delayed the progress of this case. *E.g.*, Doc. Nos. 59, 61, 72, 78-82, 87. Love also did not object to the continuances the Court previously granted and has at least twice moved to continue the case, most recently in December 2021. Doc. Nos. 10, 49, 58, 96. These considerations weigh against the conclusion that Love's Sixth Amendment speedy-trial right has been infringed. *United States v. Young*, 657 F.3d 408, 415 (6th Cir. 2011) ("When a party makes motions, it cannot use the delay caused by those motions as a basis for a speedy-trial claim." (citing *United States v. Loud Hawk*, 474 U.S. 302, 316-17 (1986))); *cf. United States v. Rosse*, 716 F. App'x 453, 464 (6th Cir. 2017) ("[T]he vast majority of the delay resulted directly from Rosse's litany of pretrial motions and continuances granted at his request ...."). The record also lacks any indication that the Government has acted negligently or has deliberately attempted to delay Love's trial to hamper his defense or gain a tactical advantage. *See Brown*, 498 F.3d at 531 ("A deliberate attempt to delay the trial ... to hamper the defense should be weighted heavily against the government").

**C.     Factor 3**

Considering Love's assertion of his Sixth Amendment right to a speedy trial, *Sutton*, 862 F.3d at 559, his present motion to dismiss is his first assertion of this right, and he waited many months to do so. As noted above, Love did not object to the continuances the Court previously granted and has at least twice moved to continue the case, most recently in December 2021. Doc. Nos. 10, 49, 58, 96. Consequently, Love's present, first-time assertion of his speedy trial right, and the circumstances preceding it, do not favor him.

**D.     Factor 4**

Love contends he has suffered prejudice while awaiting trial in the form of anxiety;

oppressive pretrial confinement; and loss of material witnesses, testimony, and evidence. Doc. No. 101 at PageID 576. He argues that these circumstances have "severely impaired" his defense. *Id*.

The Court considers three interests that the right to speedy trial seeks to protect when analyzing prejudice: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety; and (3) limiting the possibility that the defense will be impaired. *Brown*, 498 F.3d at 532. "'Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id*. (quoting *Barker*, 407 U.S. at 532).

The Court has no doubt about Love's anxiety, and he has endured a lengthy pretrial detention. However, these two considerations do not outweigh the factors discussed above, which in total weigh against granting him speedy-trial relief. *Cf. Barker*, 407 U.S. at 534 (describing the defendant's prejudice as minimal even though he lived "for over four years under a cloud of suspicion and anxiety"). Furthermore, Love has not pointed to any specific facts or circumstances that have impaired, or will impair, his defense at trial. Because the factors, on balance, do not weigh in Love's favor, his Sixth Amendment right to a speedy trial has not been infringed.

## III.

Based upon all of the foregoing, the Court **DENIES** Love's *pro se* motion to dismiss.

**IT IS SO ORDERED.**

February 14, 2022                                             s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge

8