UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 3:20-cr-117(3)

vs.

DEVON LOVE,                                     District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DENYING DEFENDANT DEVON LOVE'S FIRST OBJECTION TO THE FINAL PRESENTENCE INVESTIGATION REPORT AS TO HIS MITIGATING ROLE (Doc. No. 182); (2) DENYING WITHOUT PREJUDICE LOVE'S SECOND, THIRD, AND FOURTH OBJECTIONS; AND (3) PERMITTING LOVE TO RENEW HIS SECOND, THIRD, AND FOURTH OBJECTIONS DURING HIS SENTENCING HEARING**

---

Defendant Devon Love ("Love") previously entered into a written plea agreement under Fed. R. Crim. P. 11(c)(1)(C) and pled guilty to one count of conspiracy to kidnapping resulting in death, a violation of 18 U.S.C. § 1201(c).  Doc. Nos. 156, 159, 163.  The Court referred this matter to the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR").  Doc. No. 158.  This case is now before the Court on Love's objections to the final PSR.  Doc. No. 182 at PageID 1186-94.  These objections do not warrant a separate hearing or oral argument, *see United States v. Cover*, 800 F.3d 275, 278, 279 (6th Cir. 2015), and are now ripe for review.

**I.**

Because Defendant's underlying offense is not in dispute, this opinion shall only cover the facts necessary to resolve his objections.  Likewise, he agreed that the following facts—taken from the plea agreement's statement of facts—are not in dispute.  *See* Doc. No. 182 at PageID 1186 ("Defendant Love . . . does not dispute the statement of facts").

In July 2019, Love conspired with his four co-defendants to "kidnap, abduct carry away,

and confine Kwasi Casey…" and "hold him for ransom …." Doc. No. 156 at PageID 967.  Love and his co-defendants' actions resulted in Mr. Casey's death.  *Id*.

One of the early acts of the conspiracy occurred when, on July 7, 2019, defendant Eric Blackshear went to and "scoped out" Mr. Casey's residence "under the guise of purchasing marijuana."  *Id*.  Later that day, Love and his co-defendants abducted Mr. Casey at gunpoint.  *Id*.  Love and another coconspirator "forced [Mr.] Casey at gunpoint to enter one of the vehicles."  *Id*.  Defendants then drove Mr. Casey to defendant Antoine Dye's residence.  *Id*.

Later on July 7, 2019, one of Love's co-defendants phoned Mr. Casey's family "and demanded money, firearms, or drugs for [Mr. Casey's] safe return …."  *Id.* at PageID 968.  This co-defendant also threatened to kill Mr. Casey "if the demands were not met."  *Id*.

Between July 7, 2019 and July 8, 2019, defendants—including Love—"physically restrained [Mr.] Casey and held him against his will at Dye's residence.  While there, defendants physically beat [Mr.] Casey with a baseball bat causing serious physical injury to [Mr.] Casey's person."  *Id*. at PageID 967.

During the early morning hours on July 8, 2019, the day after Mr. Casey's abduction, he managed to escape his captors, but not for long.  *Id*. at PageID 968.  Love and three others quickly caught him and "forced" him into a minivan.  *Id*.  "Sometime after recapturing [Mr.] Casey, defendants killed [Mr.] Casey.  [His] death was a direct result of the defendants' actions in furtherance of their kidnapping/ransom conspiracy."  *Id*.

## II.

Love's objections to the final PSR fall into two groups.  First, Love contends he is entitled to an offense level reduction, under § 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G."), because he engaged in less culpable conduct than his co-conspirators (*i.e.*, a mitigating role) and because the final PSR's description of his offense level is generally vague and

2

consistently refers to "defendants'" actions. Doc. No. 182 at PageID 1186-87. Second, Love argues he is entitled to a variance, departure, or deviation to his sentence because his criminal history is overstated; he had a difficult upbringing and strained familial relationships; and his actions constituted "aberrant conduct" for which he should receive a lesser role. Doc. No. 182 at PageID 1187–92.

### III.

A. **Mitigating Role**

Section 3B1.2 of the U.S.S.G. permits a district court to decrease a criminal defendant's offense level due to his or her mitigating role in the offense. Section 3B1.2 provides a decrease in the offense level by 4 levels if he or she "was a minimal participant in any criminal activity[;]" by 2 levels if he or she "was a minor participant in any criminal activity[;]" or by 3 levels for "cases falling between" any "minor" or "minimal" participation. § 3B1.2(a)-(c). Determining whether a defendant fits one of these categories is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2 cmt. n. 3(C). A non-exhaustive list of factors potentially applies:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id*.  "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.  Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity."  *Id.*

Defendants carry the burden to prove by a preponderance of the evidence that mitigating factors justify an offense-level reduction for being a minor participant.  *United States v. Miller*, 56 F.3d 719, 720 (6th Cir. 1995).

In his first objection, Love fails to demonstrate there is a factual dispute about his role in the conspiracy to kidnap Mr. Casey.  *Compare* Doc. No. 156, *with* Doc. No. 182 at PageID 1160–64.  His first objection does not point to or suggest the existence of "some evidence that calls the reliability or correctness of the alleged facts into question'[—]a burden of production that requires 'more than a bare denial.'"  *Cover*, 275 F.3d at 278 (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)).  This alone warrants overruling his first objection.

Additionally, Love does not dispute the accuracy of the final PSR's factual statements.  Doc. No. 182 at PageID 1186.  He acknowledges in his first objection that he "admittedly participated, was present, assisted, allowed the use of the car that was described, and although at this point there is no verifiable way to prove it, other than that he followed the orders of defendant Blackshear, but did not directly physically injure the victim."  *Id*.  Love also admitted, in the statement of reasons attached to his plea agreement, that when defendants first abducted Mr. Casey on July 7, 2019, Love and three co-defendants (Thomas, Reese, and Dye) held Mr. Casey at gunpoint and forced him into a vehicle.  *See* Doc. No. 156 at PageID 967.  Although Love claims he "attempted to assist Mr. Casey in escaping…," (Doc. No. 182 at PageID 1186), he does not say when this occurred and he does not describe any specific act he took in attempting to help Mr. Casey escape.  *See id*. at 1186-87.  To the contrary, Love admitted in the plea agreement's

4

statement of facts that when Mr. Casey escaped, defendants ran after him, and he (Love) and two co-defendants "forced [Mr.] Casey into a minivan."  Doc. No. 156 at PageID 958.  These affirmative acts by Love to recapture Mr. Casey negate whatever he might have done to attempt to help Mr. Casey escape.  Indeed, Love's active participation in Mr. Casey's initial abduction, and in his recapture after he escaped, undercut Love's mitigation-role arguments.  *See, e.g.*, *United States v. Karas*, 793 F. App'x 380, 386 (6th Cir. 2019) (finding that the defendant did not play a minor role in kidnapping where, "[i]n the statement of facts attached to the plea agreement, [the defendant] admitted that she actively participated in each phase of the criminal activity").

Love's remaining contentions are equally unpersuasive.  He asserts that he qualifies as a minor participant because he "had no control of supervisory obligations, responsibilities, or powers, and received no financial or other type of benefit from the offense conduct."  Doc. No. 182 at PageID 1186.  Yet "[a] defendant does not become a minor participant simply because others planned a scheme and made all the arrangements for its accomplishment."  *Miller*, 56 F.3d at 720 (citing *United States v. Burroughs*, 5 F.3d 192 (6th Cir. 1993)).

Love also alleges—without identifying any supporting evidence—that defendant Blackshear coerced him into his participation in the conspiracy.  Doc. No. 182 at PageID 1186.  Indeed, Love admits that "there is no verifiable way to prove" that he acted under defendant Blackshear's influence.  *Id.*; *see Miller*, 56 F.3d at 720; *see also, e.g.*, *United States v. Torres-Landrua*, 783 F.3d 58, 68 (1st Cir. 2015) (affirming determination that defendant failed to adduce evidence that he was coerced that would support a minor participant reduction).

Accordingly, Love is not entitled to a reduction in his offense level under § 3B1.2, and, consequently, his first objection to the final PSR is **OVERRULED**.

### B.     Remaining Objections

Love's remaining objections do not rest on factual disagreements with the final PSR or the

statement of facts attached to his plea agreement.  *See* Doc. No. 182 at PageID 1189–93; *supra*, § II.  The Court finds it appropriate to hear oral argument from counsel concerning Love's second, third, and fourth objections during Love's sentencing hearing.  Accordingly, these objections are **OVERRULED WITHOUT PREJUDICE** renewal during Love's sentencing hearing.

### IV.

In sum, Love's first objection is **OVERRULED**, and his remaining objections are **OVERRULED WITHOUT PREJUDICE** to renewal during his sentencing hearing.

**IT IS SO ORDERED.**

February 27, 2023                               s/Michael J. Newman
                                                Hon. Michael J. Newman
                                                United States District Judge